## Ware et al. v. Northern Metal Co.

*H. J. Seman,* for claimant.

*Sol R. Gitman,* for State Workmen's Insurance Fund.

LEWIS, J., June 10, 1941.—This matter is before us on appeal from an order of the Workmen's Compensation Board dismissing a rehearing petition.

On October 31, 1940, the Workmen's Compensation Board entered two awards, one in favor of Eloise Weaver, widow of an injured deceased workman and a claimant, at the rate of $6.78 per week for 500 weeks and thereafter at the rate of $5 per week for life. The other award was in favor of Diana Ware, the mother of the injured deceased workman, at the rate of $6.93 per week for a period of 500 weeks. No appeal was taken from these awards and defendant began to pay compensation accordingly.

On January 23, 1941, the State Workmen's Insurance Fund, the defendant insurer, filed a rehearing petition in which it first called attention to an error of fact in the calculation of the award, in that the awards should have been calculated on a minimum wage of $18.50 per week instead of $15.40 per week, the wage basis on which the compensation was ordered paid, the correction of which error would automatically increase the awards previously made. The second reason for a rehearing was to permit defendant to argue a contention as to a question of law affecting the entire basis of the awards in the light of a decision handed down by the Superior Court in the case of Bucci et ux. v. Lincoln Coal Co., Inc., et al., 140 Pa. Superior Ct. 538.

The board amended the awards to correct the error of fact called to its attention, but refused a rehearing as to the question of law involving the interpretation of the statute. Defendant insurer appealed to this court.

The appellant does not now complain of the revision of the award made by the last decision of the board, but objects to the entire method of computing it, beginning with the original award made on October 31, 1940. The time for appeal from that award had elapsed, and hence we conclude that the petition was too late. The rehearing of the matter to correct an obvious error of fact, called to the attention of the board by defendant itself, did not reopen the case generally so as to permit a reconsideration of matters as to which the time for appeal had already expired.

Furthermore, Bucci et ux. v. Lincoln Coal Co., Inc., et al., supra, had been decided in advance of the former decision of the board, so that the interpretation for which defendant now contends could have been argued at that time. It is not necessary for us to pass upon the merits of that interpretation.

The decision of the Workmen's Compensation Board is affirmed.